UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUEHAILY DIAZ-FERNANDEZ | : | CIVIL DOCKET NO. |
| | : | 3:20-CV-00801 (JCH) |
| v. | : | |
| <u>CITY OF HARTFORD</u> ~~POLICE DEPARTMENT~~; | : | |
| CITY OF HARTFORD CHIEF OF POLICE | : | |
| JAMES ROVELLA, In their official and individual | : | |
| Capacities; SUPERVISING OFFICER | : | |
| SEARGENT M. CRETER, In his official and | : | |
| Individual Capacity; HPD OFFICER J. SUAREZ, | : | |
| In his official and individual capacity; | : | |
| HPD OFFICER C. HEBERT, In his official | : | |
| and individual capacity; UNKNOWN | : | |
| HPD OFFICER NO. 1; UNKNOWN HPD | : | |
| OFFICER NO. 2, In their official and | : | |
| individual capacities. | : | APRIL 16, 2021 |

**AMENDED COMPLAINT**

**I. Introduction**

Plaintiffs bring this federal question action pursuant to 42 U.S.C. Sections 1983, along with various state claims against the Defendants for their use of excessive force as to the three named Hartford Police Department ("HPD") Officers, and two

unknown officers. The Plaintiff also brings a claim for failure to train and/or discipline as to then Chief of the HPD, James Rovella and also to the City of Hartford for failure to implement properly the settlement agreement in the Cintron v. Vaughan case. On June 18, 2017 as the Plaintiff was driving her car in the Southend of the City of Hartford, along with her two sisters, she stopped at the home of her sister's boyfriend. An argument broke out between her sister and her sister's boyfriend in front of his house. Shortly thereafter as the Plaintiff was in her vehicle at the wheel, an HPD cruiser rammed into the left passenger side of the vehicle. The HPD officer C. Hebert exited his cruiser and with his service weapon drawn, and ordered the Plaintiff to exit the vehicle. Officer Hebert then grabbed the arm of the Plaintiff as she held the steering wheel of her vehicle, without posing any threat to Officer Hebert or any officers at the scene. Officer J. Suarez then sprayed the Plaintiff four times, twice in the mouth. A second HPD cruiser then rammed into the rear bumper of her vehicle. The Plaintiff was dragged out of her vehicle, while one of the officers striking her repeatedly, while another grabbed her by the thigh, pulling her out of the vehicle by Officer Hebert and/or Officer Suarez and thrown violently onto the asphalt ground. One of the two identified officers then held her head to the ground by putting his foot on her head, then sliding it to her neck. The two named officers eventually lifted the Plaintiff off the ground and threw her into a police cruiser, as the Plaintiff repeatedly asked for medical attention and to speak to the Supervising Officer Sargent M. Creter who had arrived on

the scene. While Plaintiff was in the cruiser, one of the officers banged on the window and said the Supervisor wants to see the video on her mobile phone. Plaintiff refused to hand over her cellphone.

## II. Jurisdiction

1. This federal action is brought pursuant to 42 U.S.C. Section 1983, along with various state claims. Jurisdiction is conveyed pursuant to 28 U.S.C. Section 1343(3) and 28U.S.C. Section 1331.

## III. Venue

2. Venue in the Federal District Court for the District of Connecticut is proper pursuant to 28 U.S.C. Section 1391.

## IV. Parties

3. Plaintiff:
    Suehaily Diaz.
4. Defendants:
    City of Hartford;
    HPD Chief James Rovella;
    Supervising Officer Sargent M. Creter;
    HPD Officer C. Hebert, Major Crimes Gun Task Force;
    HPD Officer J. Suarez, Major Crimes Gun Task Force;
    Unknown Officer Number One;
    Unknown Officer Number Two.

**V.  Factual Allegations**

5.  On or about June 18, 2017, the Plaintiff and her two sisters, Rosemary Maldonado and Angelica Maldonado went out together for dinner and relaxation.

6.  At some point late in the evening, Rosemary's boyfriend, Christopher called her and asked that she go to his place on 42 Bliss Street in Hartford.

7.  The Plaintiff and her two sisters headed to Bliss Street in Plaintiffs Honda, and when they arrived sometime after 2am, Christopher and two others came outside.

8.   Rosemary and Christopher got into a shouting match that soon turned physical, which resulted in one of the neighbors calling HPD.

9.   Shortly thereafter a police cruiser pulled up behind the Plaintiff's moving vehicle which had left the scene of the incident between Rosemary and Christopher.

10.   The Plaintiff's vehicle came to a stop, after which the HPD cruiser, on information and belief, occupied by either HPD Officer J. Suarez or C. Hebert rammed into the passenger side of the vehicle, and shortly thereafter a second HPD cruiser driven by the other of the first two officers at the scene rammed into the rear end of the Plaintiff's vehicle.

11.  Immediately thereafter, Officer C. Hebert appeared at the driver's side window with his service weapon drawn and began banging on the window, screaming that the Plaintiff exit the vehicle which was still in the drive position.

12. As the Plaintiff attempted to place the shift in the park position, Officer J. Suarez sprayed her with pepper spray in the face, including her eyes, as Officer Hebert continued to attempt to take her left arm off the steering wheel as Plaintiff attempted to place the shift into the park position.

13. The Plaintiff who suffers from an extreme anxiety disorder froze in a panic as a result of being pepper sprayed by Officer Suarez and she in a panic yelled for the Officers to get her immediate medical attention and requested to speak to the Supervising Officer, who on information and belief was Sargent M. Creter.

14. Officer Suarez rather than calling for medical assistance or seeking advice from Supervising Officer Sargent Creter kept on trying to force the Plaintiff's hands off the steering wheel in order to force her from the vehicle.

15. After attempting without success to force the Plaintiff's hands from the steering wheel in order to drag her from the vehicle, Officer Suarez pepper sprayed the Plaintiff a second time in the face and eyes, after which he dragged her from the driver's seat and threw her to the asphalt road.

16. While the Plaintiff laid helplessly on the asphalt surface, Officer Suarez or Officer Hebert put his foot on her head in a forceful and violent manner, and then shifted his foot to her neck in the same forceful and violent manner, which caused the Plaintiff to suffer extreme difficulty breathing, which was exacerbated by her panic disorder.

17. The Plaintiff was shoved violently into one of the police cruisers, after which an officer believed to be Sargent Creter approached the cruiser and banged on the window adjacent to where the Plaintiff was seated and began demanding for Plaintiff to unlock her mobile phone, and stated "I am the supervisor and I want to see the video on your phone." Plaintiff who became disabled as a result of being pepper-sprayed on at least four occasions did not give up possession of her cellphone.

18. The Plaintiff was unable to keep her eyes open except for short squints due to the pepper spray, and her chest was burning and Plaintiff continued to have difficulty breathing.

19. The Plaintiff has continued suffering difficulty breathing and also suffers from continued panic attacks due to the extreme trauma she suffered as a result of the Defendants use of excessive force on the evening of June 18, 2017 as described above.

## VI.  Claims for Relief

### FEDERAL CLAIMS

**First Claim for Relief as to City of Hartford and Chief James Rovella:**
**(Violation of Plaintiff's Civil Rights under 42 U.S.C. Section 1983)**

20. Paragraphs 5 through 19 are re-alleged and incorporated by reference herein as though fully pled.

21. The City and Chief Rovella were obligated under the terms of the *Cintron v. Vaughan* settlement to train HPD officers in the proper use of force when arresting or confronting citizens as a result of any incident for which they are involved.

22. The City and Chief Rovella failed to train HPD officers in the proper use of force in making arrests in accordance with *Cintron* and State and City regulations and requirements.

23. As a result of the City and Chief Rovella's failures as alleged above, these Defendants have violated the Plaintiff's rights as guaranteed by 42 U.S.C. §1983.

**Second Claim for Relief as to the Named HPD Officers:**
**(Violation of Plaintiff's Civil Rights under 42 U.S. C. § 1983)**

24. Paragraphs 5 through 19 are re-alleged and incorporated by reference herein as though fully pled.

25. The named HPD Officers, including Unknown Officers No. One and Two in conducting the stop and eventual arrest of the Plaintiff acted with extreme indifference to the Plaintiff's rights under law and used excessive force against her, including throwing her to the asphalt surface, forcibly placing a knee on her head and then neck causing her to be unable to breath, all while refusing to heed to her requests for medical attention, all in violation of 42 U.S.C. § 1983.

## STATE CLAIMS

**First Claim for Relief as to all HPD Officers at the Scene of the Arrest (Negligence)**

26. Paragraphs 5 through 19 are re-alleged and incorporated by reference herein as though fully pled.

27. The Defendants' conduct on the early morning of June 18, 2017 was careless and negligent toward the Plaintiff.

28. The Defendants' conduct as alleged herein proximately caused the Plaintiff to suffer both physical and emotional suffering.

**Second Claim for Relief as to all HPD Officers at the Scene of the Arrest (Recklessness)**

29. Paragraphs 5 through 19 are realleged and incorporated by reference herein as though fully pled.

30. The Defendants' conduct on the early morning of June 18, 2017 toward the Plaintiff was reckless.

31. The Defendants' reckless conduct was the proximate cause of the Plaintff's physical and emotional injuries.

**Third Claim for Relief as to all HPD Officers at the Scene of the Arrest (Negligent Infliction of Emotional Distress)**

32. Paragraphs 5 through 19 are re-alleged and incorporated by reference herein as though fully pled.

33. The Defendants' conduct on the early morning of June 18, 2017 toward the Plaintiff negligently caused the Plaintiff to suffer from extreme emotional distress, which she continues to suffer to date..

34. The Defendants' conduct toward the Plaintiff proximately caused her to suffer extreme emotional distress.

**Fourth Claim for Relief as to all HPD Officers at the Scene of the Arrest (Intentional Infliction of Emotional Distress)**

35. Paragraphs 5 through 19 are re-alleged and incorporated by reference herein as though fully pled.

36. The Defendants' conduct on the early morning of June 18, 2017 toward the Plaintiff was intended to cause her extreme emotional distress, and their conduct toward Plaintiff did in fact cause her to suffer extreme emotional distress, which she continues to suffer to date.

**VII   Prayer for Relief**

   WHEREFORE, Plaintiffs respectfully pray the Court order the following relief:

A. Compensatory damages;
B. Punitive damages;
C. Attorney's fees and costs of the action; and
D. Such other relief as this Court deems just and proper.

Dated this ~~10th day of June 2020~~ 14th day of April 2021.

          THE PLAINTIFF,
          SUEHAILY DIAZ-FERNANDEZ

        BY: /s/ Ronald S. Johnson
          Ronald S. Johnson, Esq.
          Juris No.: ct08577
          Law Office of Ronald S. Johnson & Assoc.
          100 Wells Street, Suite 2C
          Hartford, Connecticut 06103
          Phone: 860-231-9757
          Facsimile: 860-233-8276
          Email: janvier7@aol.com

## **CLAIM FOR JURY TRIAL**

Plaintiff, through counsel, claims this matter for trial by jury.

          THE PLAINTIFF,
          SUEHAILY DIAZ-FERNANDEZ

        BY: /s/ Ronald S. Johnson
          Ronald S. Johnson, Esq.
          Juris No.: ct08577
          Law Office of Ronald S. Johnson & Assoc.
          100 Wells Street, Suite 2C
          Hartford, Connecticut 06103
          Phone: 860-231-9757
          Facsimile: 860-233-8276
          Email: janvier7@aol.com

## **CERTIFICATION**

  This is to certify that on April 14, 2021, a copy of the foregoing Motion for Extension of Time was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                  BY:  /s/ Ronald S. Johnson
                      Ronald S. Johnson