UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUEHAILY DIAZ-FERNANDEZ : | CIVIL ACTION NO. |
| : | 3:20-cv-00801 (JCH) |
| vs. : | |
| : | |
| CITY OF HARTFORD, CITY OF HARTFORD : | |
| CHIEF OF POLICE JAMES ROVELLA, in his : | |
| Official and individual capacities, : | |
| SUPERVISING OFFICER SERGEANT : | |
| M. CRETER, in his official and individual : | |
| Capacity; HPD OFFICER J. SUAREZ, : | |
| In his official and individual capacity; : | |
| HPD OFFICER C. HEBERT, in his official : | |
| And individual capacity; UNKNOWN HPD : | |
| OFFICER NO. 1; UNKNOWN HPD OFFICER : | |
| NO. 2, in their official and individual capacities : | |
| : | APRIL 23, 2021 |

**CITY OF HARTFORD AND POLICE CHIEF JAMES ROVELLA'S**
**MEMORANDUM OF LAW IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

The Defendants, City of Hartford ("City"), and City of Hartford Chief of Police James Rovella ("Chief Rovella"), in his official and individual capacities, hereby move to dismiss the Plaintiff's Amended Complaint dated April 16, 2021 ("Complaint") [Doc.#35], for her failure to state a claim upon which relief may be granted. In support of their motion to dismiss, the City and Chief Rovella represent as follows:

I.     **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On March 31, 2021, the Court granted the City of Hartford Police Department's motion to dismiss and permitted the Plaintiff to move for leave to amend the complaint to name the City in the caption as a party defendant. [Doc.#30]. After leave to amend was granted, the Plaintiff filed the instant Complaint [Doc.#35], to which this motion to dismiss is now addressed.

1

In her Complaint, the Plaintiff filed this action against the defendant officers for their alleged excessive use of force pertaining to an incident which occurred on June 18, 2017 in the City of Hartford. The Plaintiff further alleges that the City and Chief Rovella failed to properly train its police officers on the proper use of force in making arrests.

II.     **LAW AND DISCUSSION**

    A. **Standard for Dismissal - Fed. R. Civ. P. 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the complaint if that pleading fails "to state a claim upon which relief may be granted." In order to survive such a motion, the complaint must comply with the standard set forth in the United States Supreme Court's seminal holding in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under *Iqbal*, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must provide "more than the unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In determining whether the plaintiff has met this standard, the court must accept the allegations in the complaint as true, draw all reasonable inferences and view all facts in the light most favorable to the non-moving party. *Trustees of Upstate New York*

*Engineers Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2279, 198 L. Ed. 2d 703 (2017). "[W]hether a complaint states a plausible claim for relief will [ultimately] ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 663-64. When "well-pleaded factual allegations" are present, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Factual disputes do not factor into a plausibility analysis under *Iqbal* and its progeny.

"Although a court must accept as true all the factual allegations in the complaint, that requirement is 'inapplicable to legal conclusions.'" *Vaughn v. Phoenix House New York Inc.,* 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). *See also LaMagna v. Brown*, 474 F. App'x 788, 789 (2d Cir. 2012); *Amaker v. New York State Dept. of Corr. Servs.*, 435 F. App'x 52, 54 (2d Cir. 2011). Accordingly, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In sum, " 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,' ... dismissal is appropriate." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

In deciding a motion to dismiss under Rule 12(b)(6), "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that

might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). "The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal' conduct." *Lynch*, 952 F.3d at 75 (citing and quoting *Twombly*, 550 U.S. at 556).

### B. FIRST CLAIM: AS TO CITY OF HARTFORD AND CHIEF ROVELLA (VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. §1983)

In the Introductory Part of the Plaintiff's Complaint, Plaintiff asserts that she "brings a claim for failure to train and/or discipline as to then Chief of the HPD, James Rovella and also to the City of Hartford for failure to implement properly the settlement agreement in the Cintron v. Vaughn case." [Doc. #35, p. 2].

In the first (and only) count asserted against the City and Chief Rovella, the Plaintiff incorporates the facts alleged in paragraphs 5 through 19 of the Complaint. [Doc. #35, ¶20]. There are no facts alleged in paragraphs 5 through 19 that refer or reference either the City or Chief Rovella. The Plaintiff then alleges, as follows:

> 21. The City and Chief Rovella were obligated under the terms of the **Cintron v. Vaughn** settlement to train HPD officers in the proper use of force when arresting or confronting citizens as a result of any incident for which they are involved.
>
> 22. The City and Chief Rovella failed to train HPD officers in the proper use of force in making arrests in accordance with **Cintron** and State and City regulations and requirements.
>
> 23. As a result of the City and Chief Rovella's failures as alleged above, these Defendants have violated the Plaintiff's rights as guaranteed by 42 U.S.C. §1983.
>
> [Complaint, Doc.#35, p. 7] (emphasis in original).

The Plaintiff's legal conclusions, devoid of facts that make the failure to train and/or discipline claim plausible, or breach of settlement agreement to which the Plaintiff does not allege to have been a party, are insufficient to state a claim upon which relief may be granted against the City and Chief Rovella and should therefore be dismissed.

A municipality, such as the City, may not be held liable under § 1983 simply on the basis of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978). Municipalities are responsible for their own legal acts and not vicariously liable for the civil rights violations committed by their employees. *Monell*, 436 U.S. at 691.

Moreover, as to the City's potential liability for its employees' actions, the Second Circuit has stated that "[i]n order to prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)). Moreover, "[t]he fifth element—the 'official policy' element—can only be satisfied where a plaintiff proves that a 'municipal policy of some nature caused a constitutional tort.' " *Id.* (citing *Monell*, 436 U.S. at 691). "In other words, a municipality may not be found liable simply because one of its employees committed a tort." *Id.* (quoting *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)).

In the present case, in order to sustain a § 1983 claim for municipal liability, Plaintiff must show that she suffered a constitutional violation, and that the violation resulted from an identified municipal policy or custom. *See Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983.").

Furthermore, in order to establish a municipal policy or custom, one must show: (1) a formal policy officially promulgated by the municipality, *Monell,* 436 U.S. at 690; (2) an action taken by the official responsible for establishing policy regarding a particular issue*, Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986); (3) unlawful practices by subordinate officials that are "so permanent and well settled as to constitute a 'custom or usage' with the force of law," *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1985) (citation omitted); or (4) a failure to train or to supervise that "amounts to deliberate indifference to the rights of persons with whom the police come into contact," *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). *See also Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004) ("A policy, custom, or practice may also be inferred where 'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.' ") (quoting *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996), *cert. denied*, 520 U.S. 1155 (1997)).

As the Supreme Court stated in *Canto*n, "[i]n resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform." 489 U.S. at 390. Moreover, "[i]n limited circumstances, a local government's decision not to train certain employees about their

legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

### 2. Failure to Train as to Chief Rovella

Inadequate training "may serve as the basis of § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by [the Supreme Court's] prior cases—can a city be liable for such a failure under § 1983." *Id.* at 389.

To allege failure to train under § 1983, a plaintiff must plead facts that give rise to a plausible inference that: (1) "[the] policymaker knows to a moral certainty that her employees will confront a given situation;" (2) "the situation ... presents the employee with a difficult choice of the sort that training or supervision will make less difficult or ... there is a history of employees mishandling the situation;" and (3) "the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." *Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992) (citation and internal quotation marks omitted). The plaintiff "must also point to a specific deficiency within the training program and cannot allege a general lack of training or that more or better training would have caused the situation to be avoided." *Pal v. Cipolla*, No. 3:18-CV-616 (MPS), 2019 WL 2930008, at *7 (D. Conn. July 8, 2019) (citing *Canton*, 489 U.S. at 388); *Venghaus v. City of Hartford,* No. 3:06-CV-01452 (DJS), 2012 WL 1050014, at *12 (D. Conn. Mar. 27, 2012) ("To simply state that a training program is deficient is insufficient as a matter of law when unsupported by evidence").

7

Moreover, there is no *respondeat superior* liability in § 1983 cases. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Based on the rules our precedents establish, ... Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Therefore, to state a claim of failure to train against an official, a plaintiff must plausibly allege the defendant's personal involvement in the alleged constitutional violation. *See Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (citation and internal quotation marks omitted); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir. 1991)).

To demonstrate a supervisor's personal involvement, a plaintiff must allege that: "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring." *Colon*, 58 F.3d at 873.

In the case at bar, Plaintiff fails to allege any facts to show that Chief Rovella participated directly in a constitutional violation. There are also no facts in the Complaint

8

to demonstrate that he was informed of such a violation and failed to remedy it, created a policy or custom giving rise to an unconstitutional practice, was grossly negligent in supervising the defendant officers, or failed to act on information that unconstitutional acts were occurring. The plaintiff fails to allege what the terms of any settlement agreement required that a specific training be provided and how that training was not provided by Chief Rovella.

Furthermore, Plaintiff makes no specific allegations about deficiencies in the City's training program. Rather, she generally alleges that police officers were not properly not trained, asserting by implication that the officers' behavior evidences a lack of training. However, such allegations have been repeatedly held insufficient to state a plausible failure to train claim. *See, e.g., Pal*, 2019 WL 2930008, at *7 (dismissing plaintiff's failure to train claim against Wilton police officers because plaintiff must "point to a specific deficiency within the training program and cannot allege a general lack of training or that more or better training would have caused the situation to be avoided"); *Adams v. City of New Haven*, No. 3:14-CV-00778 (JAM), 2015 WL 1566177, at *4 (D. Conn. Apr. 8, 2015) ("Plaintiff has made no more than a general allegation that defendants failed to adequately train and instruct [police] officers regarding the Fourth and Fourteenth Amendment rights of persons."); *Marte v. New York City Police Dep't,* No. 10 CIV. 3706 PKC, 2010 WL 4176696, at *3 (S.D.N.Y. Oct. 12, 2010) ("[T]he plaintiffs have not pled facts suggesting that the constitutional deprivations they suffered were the consequence of training or supervisory deficiencies. Plaintiffs do not identify procedural manuals or training guides, nor do they highlight relevant particular aspects of police training or supervision."). Put simply, "[t]he bare fact that [an official] occupies a

9

high position in the [organization's] hierarchy is insufficient to sustain [plaintiff's] claim." *Colon*, 58 F.3d at 874.

Under these circumstances, where Plaintiff's allegations fail to establish personal involvement of supervisory defendant Chief Rovella, to provide particular relevant deficiencies in the training program or terms of the settlement agreement that required certain training that was not provided. Plaintiff's failure to train claim against Chief Rovella should be dismissed.

### 3. Failure to Train as to City of Hartford

The three paragraphs of Plaintiff's Complaint alleging failure to train by the City are identical to those allegations against Chief Rovella. Moreover, the Plaintiff did not allege, even in conclusory fashion, that there existed any unconstitutional policy, custom of practice. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To proceed on a deliberate-indifference theory, a plaintiff must first establish that the need for more or better supervision to protect against constitutional violations was "obvious." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 128 (2d Cir. 2004) (quoting *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995)). This "obvious need may be demonstrated through," for example, "proof of repeated complaints of civil rights violations." *Vann*, 72 F.3d at 1049. *See also Outlaw v. City of Hartford*, 884 F.3d 351, 373 (2d Cir. 2018) (same). Thus, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62 (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)). *See also Triano v. Town of*

*Harrison*, 895 F. Supp. 2d 526, 539-41 (S.D.N.Y. Sept. 26, 2012) (dismissing failure to train claim where the Plaintiff provided no facts regarding a pattern of similar alleged violations).

Finally, inherent in the principle that "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,' " *Canton*, 489 U.S. at 389 (quoting *Monell*, 436 U.S. at 694), is the concept that the plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation,' " *Outlaw*, 884 F.3d at 373 (quoting *Canton*, 489 U.S. at 385). *See also Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("In short, to establish municipal liability under § 1983, a plaintiff must prove that 'action pursuant to official municipal policy' caused the alleged constitutional injury."). Therefore, to find municipal liability on a failure to train theory, "a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Doe by & through Boyd v. Smereczynsky*, No. 3:16-CV-394(MPS), 2017 WL 1100426, at *4 (D. Conn. Mar. 23, 2017) (quoting *Connick*, 563 U.S. at 61).

Here, Plaintiff has alleged no facts to demonstrate a "pattern of similar constitutional violations by untrained employees" or an unconstitutional policy, practice or custom. *Connick*, 563 U.S. at 62. The Plaintiff has not specified particular flaws in the City's training program, much less the relevant respect in which the City failed to train the officers, resulting in this particular alleged constitutional violation. "While it may be true that § 1983 plaintiffs cannot be expected to know the details of a municipality's training programs prior to discovery, ... this does not relieve them of their obligation

under *Iqbal* to plead a facially plausible claim." *Simms v. City of New York*, 480 F. App'x 627, 631 n.4 (2d Cir. 2012). As in *Triano*, Plaintiff Boyd has failed to allege "any facts suggesting that an alleged training deficiency caused his constitutional injury, for example by identifying 'procedural manuals or training guides' or by 'highlight[ing] relevant particular aspects of police training or supervision.' " 895 F. Supp. 2d at 540 (citation omitted). "After *Twombly* and *Iqbal*, the Second Circuit has made clear that Plaintiff must do more than merely state that the municipality's failure to train caused his constitutional injury." *Id.*

Because Plaintiff has simply made only bare-bones, conclusory allegations that the City failed to adequately train its police officers, Plaintiff's "failure to train" claim against the City is insufficient and the Court should dismiss the claim.

**4. *Damages claim***

Plaintiff claims punitive damages in her prayer for relief. [Doc. #35, p. 10]. "Punitive damages are not available against the City because municipalities are not subject to punitive damages under federal law." The United States Supreme Court has held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Accordingly, Plaintiff's request for punitive damages against the City should be dismissed.

Furthermore, to the extent that the Court dismisses the failure to train claims against the City and Chief Rovella, there are no allegations remaining in the Complaint upon which damages, including punitive damages, may be awarded against them. Accordingly, the Court should also strike any and all of Plaintiff's requests for monetary

damages, including, compensatory or attorney's fees and costs against the City and Chief Rovella.

### III. CONCLUSION AND RELIEF REQUESTED

For all of the foregoing reasons, the Plaintiff's Complaint should be dismissed for her failure to state a claim against the City and Chief Rovella.

        THE DEFENDANTS,
        City of Hartford and James Rovella, in
        his official and individual capacities

        BY: /s/ Nathalie Feola-Guerrieri
        Nathalie Feola-Guerrieri
        Senior Assistant Corporation Counsel
        550 Main Street, Suite 210
        Hartford, CT 06103
        Federal Bar No. ct17217
        Telephone (860) 757-9700
        Facsimile (860) 722-8114
        Email: feoln001@hartford.gov

**CERTIFICATION**

This is to hereby certify that on April 23, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Nathalie Feola-Guerrieri
Nathalie Feola-Guerrieri